Aldrich agt. Lapham and others.

directed to the sheriff of Erie county, by virtue of which he at-
tached a vessel belonging to said Hurlburt.   Elias Weed and
William W. Weed  gave their bond under the statute to dis-
charge the vessel; suit was then commenced on the bond against
the above defendants.   On the trial, the defendants offered as a
witness George Hurlburt, the defendant in the original attach-
ment; the court excluded the witness.   Defendants' counsel then
tendered a release  from  the Messrs. Weed,  and  again offered
Hurlburt as a witness, contending that he was divested of his in-
terest by virtue of the release, that  he was  not a party to .this
action, nor the one for whose  immediate benefit  the action was
defended.   The plaintiff's counsel objected, and the question was
argued as to the competency of the witness.

EDWARDS PIERREPONT, *for Plaintiff.*

A. F. SMITH and A. K. HOPKINS, *for Defendants.*

--------◄●●●►--------


# SUPREME COURT.

### ALDRICH agt. LAPHAM AND OTHERS.

On the foreclosure of a mortgage, where there are infant defendants, the com-
plaint must allege  the requisite facts  to  show what the interests  of the in-
fants in the premises are; and then such facts in all cases must be sustained
by legitimate proof, because they are never *admitted* in cases of infants.

*Erie Special Term, December* 1850.   This is an action com-
menced for the purpose of foreclosing a mortgage executed by
the defendant Lapham.   There are other defendants, among
whom are three infants; who, as the complaint states, " have,
or claim to have, some interest in the mortgaged premises, or
some part thereof."   No reason but this, is shown for making

Aldrich agt. Lapham and others.

them parties, and it is no where stated whether such interest is paramount or subordinate to the mortgage. A guardian has been appointed and a general answer put in for the infants. The plaintiff moves on the pleadings the usual affidavits and report of a referee, for judgment. The report shows the execution of the bond and mortgage as alleged in the complaint but it shows nothing as to the rights and interests of the infant defendants in the land.

B. H. Austin, *for the Plaintiff*.

D. Tillinghast, *for the infant Defendants*.

Sill, Justice.—This application must be denied. The rule applies now as heretofore, that the judgment must be " *secundum allegata et probata.*" The complaint must state the facts which entitle the plaintiff to his judgment, and where they are not admitted, which as against infant defendants, is never the case, they must be sustained by legitimate proof. In the present case both these essentials are wanting. The complaint alleges that the infant defendants have an interest in the mortgaged premises, but it does not state what that interest is, whether it is paramount to the interest mortgaged or subordinate to it. The latter must be in some form shown by the complaint to justify the judgment prayed. If the complaint were sufficient in this particular, proof to show the paramount interest and rights of the plaintiff is wanting, and on both grounds the motion must fail.

The cause must stand over, to give the plaintiff an opportunity to move for leave to amend the complaint and if notice of such motion is not served within twenty days, the complaint must be dismissed with costs to the defendants who have appeared.